## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JAMES E. VANDEBUNTE III<br><br>Defendant. | ORDER REGARDING PREPARATION<br>FOR TRIAL<br><br>Case No. 1:05-CR-011-JWS |

**IT IS HEREBY ORDERED** as follows: If the defendant has not already done so, but intends to consent to proceed before the Magistrate Judge, the defendant shall execute and file the **Consent to Proceed Before the Magistrate Judge** form on or before _____. If the consent form is not timely filed by said date, this case will promptly be assigned to a U.S. District Judge for trial.

1. On or before the _20_ day of _January_, 2006 **counsel for the parties shall meet** and personally confer at an agreed time and place, or if an agreement cannot be reached by counsel, then they shall meet at 1:30 p.m. on the _20_ day of _January_, 2006, at the office of counsel for the plaintiff.

The purpose of the conference will be to accomplish on a mutual, reciprocal and voluntary basis all information and discovery which could be obtained by resorting to formal motions

-1-

under any applicable rule of the Federal Rules of Criminal Procedure, or that has been permitted by a decision of the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, or any United States District Court within the Ninth Circuit; and to openly, meaningfully and candidly discuss the facts, evidence and law pertaining to this case.

2. **Within 10 days** after the aforementioned conference is held, counsel for plaintiff shall certify to the Court that such a conference was held and the date, time and place of such conference.

3. In order to avoid the frequent serious problems which arise as the result of late filed motions in criminal cases; i.e., motions filed immediately before trial, on or before the 3rd day of February 2006, the parties shall file all appropriate and necessary motions for relief sought under **Rules 7, 12, 13, 14, 15, 16, 17, 17.1 and 41 of the Federal Rules of Criminal Procedure.**

This court's local criminal rules make several of this court's local civil rules applicable where appropriate. Among them is D.Ak.LR 7.1 pertaining to motion practice. See D.Ak.CR 47.1. That rule contemplates that in the ordinary course of briefing motions there will be a motion, a response and then a reply. The limited time permitted by the Speedy Trial Act for pretrial preparation has led to the adoption of a custom or practice on the court's criminal docket in which reply memoranda are almost never filed in a criminal case. **Pursuant to D.Ak.CR 47.1(c), no reply memoranda shall be filed with respect to any motion in this case unless**

-2-

**specifically requested by the magistrate judge or the district judge in a subsequent order.**

4. That no such motions as noted in paragraph 3 may be filed subsequent to that date without leave of court, and for good cause shown.

5. In preparing for trial, counsel shall timely comply with **D.Ak.LR 39.2, 47.1 and 51.1** in a meaningful manner. That trial of this case shall be conducted in accordance with **D.Ak.LR 39.5**.

6. In order to comply with the time limits of this Court's **Speedy Trial Plan** for achieving prompt disposition of criminal cases, the parties may expect the above-entitled case to be set for trial at Juneau, Alaska, within 70 days from the filing date (and making public) of the Information/Indictment, or from the date the defendant has appeared before a judicial officer of this court, whichever date last occurs, subject to excludable periods of time as computed pursuant to said plan.

7. Unless otherwise ordered by the Court the time for opposing a pretrial motion listed in paragraph 3, above, shall be five **(5)** days from the date of service upon that party.

DATED this __20__ day of January, 2006, at Juneau, Alaska.

_____
PHILIP M. PALLENBERG
UNITED STATES MAGISTRATE JUDGE

(Rev 1/06)