NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CALVERT MARTIN, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> _____ ) | Case No. 1:05-cr-0010-JWS <br><br> **PLEA AGREEMENT** |

## I. Introduction

### A. *Summary*

This brief introduction sets forth a summary of the terms of the plea

agreement between CALVERT MARTIN and the United States. This summary is not intended to supersede the language that follows this subsection.

The defendant agrees to plead guilty to the following charge set forth in the Indictment in this case:

> **Count 1:** Possession of a firearm after conviction of a felony offense in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).

The defendant agrees to admit to the following allegations set forth in the Indictment in this case:

> **Count 2:** Criminal forfeiture in violation of 18 U.S.C. § 924(d)(1).

The defendant agrees to cooperate with the United States in the investigation and prosecution of others. The defendant further agrees that he has a continuing obligation to provide substantial assistance beyond the time the court imposes the sentence.

The United States agrees to recommend an adjustment for acceptance of responsibility if the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1. United States also agrees not to

prosecute the defendant further for any offense – now known – arising out of the subject of this investigation.

**B.** *Complete Agreement*

This document contains the complete plea agreement between the United States and CALVERT MARTIN. No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

**C.** *Federal Rules of Criminal Procedure*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that CALVERT MARTIN may not withdraw from this agreement if the court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant nor the court is bound by the government's sentencing estimates.

### D.  *United States Sentencing Guidelines*

Because this case arises out of conduct occurring after November 1, 1987, CALVERT MARTIN's sentence would be considered by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

In the wake of U.S. v. Booker, 125 S.Ct. 738 (2005), the court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed.

### E.  *Attorney's Fees and Costs*

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.  What the Defendant Agrees to Do

CALVERT MARTIN agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures

will be admissible and the government's burden is by a preponderance of the evidence.

### A. Charges

CALVERT MARTIN agrees to plead guilty to the following offense charged in the Indictment returned by the grand jury in this case:

>**Count 1:** Possession of a firearm after conviction of a felony offense in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).

The defendant further agrees to admit the allegations in Count 2 of the Indictment and to the immediate entry of a Preliminary Order of Forfeiture as to the firearms more particularly described in Count 2.

### B. Limits on departures

Unless specifically set forth in this plea agreement, the defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority.

### C. Fine

The parties have no agreement regarding any fine amount.

**D.    *Waivers of appellate and collateral attack rights***

The defendant understands that by pleading guilty he waives his right to appeal his conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes the sentence agreed to by the parties, including any forfeiture under this plea agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence – including any forfeiture or conditions of supervised release imposed. Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence – including any forfeiture, whether civil or criminal, administrative or judicial or conditions of supervised release imposed. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to

prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

### E. *Consequences of plea*

The defendant agrees to pay the special assessments owed in this case. Additionally, the defendant agrees to complete the Financial Statement of Debtor declaring all income, assets, and expenses, and include a copy of the defendant's last Federal Income Tax form filed. Any false statements contained in the financial statement will subject the defendant to a separate prosecution for making False Statements to the United States pursuant to 18 U.S.C. § 1001.

### III. What the Government Agrees to Do

#### A. *Charges*

In exchange for CALVERT MARTIN's plea of guilty to Count 1 of the Indictment, and admitting the allegations in Count 2, the United States agrees not to prosecute the defendant further for any offense – now known – arising out of the subject of the investigation.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of

this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

**B.**   *Acceptance of Responsibility*

If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation.

The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority. This section does not prohibit the United States from arguing for the application of any upward guideline adjustments to the court's sentence calculation.

IV. **Advisement of Maximum Penalties and Conditions of Sentence**

    A. *Maximum Penalties*

The maximum statutory penalties for the charge to which CALVERT MARTIN is pleading guilty are as follows:

    Count 1: Possession of a firearm after conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2): 1) a maximum of ten (10) years in prison, 2) a $250,000 fine, 3) a $100 mandatory special assessment, and 4) a maximum of three (3) years of supervised release.

*Pursuant to 18 U.S.C. § 924(e), the penalties are as follows: 1) a maximum of life, with a minimum 15 years, in prison; 2) a $250,000 fine, 3) a $100 mandatory special assessment; and 4) a maximum of 3 years of supervised release.*

    B. *Conditions of Sentence*

1. Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

2.  Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

3.  Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

4.  The court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

5.  All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V.  **Guideline Applications and Sentencing Issues (the following estimates bind neither party nor the court)**

   A.  *Estimated Sentencing Range*

   ***Count 1:***   *Felon in possession of a firearm*

   Base Offense Level (USSG § 2K2.1(a)(6)) .................... 14

   3-7 Firearms (USSG § 2K2.1(b)(1)(A)) ..................... +2

   Adjusted Offense Level ................................ 16

   Acceptance of Responsibility ........................... -3

Estimated Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Estimated Criminal History Category . . . . . . . . . . . . . . . . . . . . . . . . II

Estimated Sentencing Range . . . . . . . . . . . . . . . . . . . . . . . . 15-21 mos.

*****CALVERT MARTIN qualifies under the Armed Career Criminal statute pursuant to 18 U.S.C. § 924(e). Thus, he is subject to the statutory mandatory minimum sentence of 180 months.***

**B.    *Criminal History Category***

The parties have no agreement on the defendant's criminal history category. The government estimates that it will be **Category II**. The defendant understands that the court may find the defendant's criminal history to be higher than the United States has estimated.

**C.    *No Upward or Downward Departures***

The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing *departures* unless specifically set forth in this plea agreement. The only departure permitted by the terms of this plea agreement is a government motion for downward departure for substantial assistance. This section does not place any limits upon any guideline *adjustments*.

**D.    *Ultimate Sentence Left to Discretion of Court***

The defendant fully understands that the court has total discretion to determine the ultimate sentence and that the defendant will not be permitted to

withdraw his plea or appeal his sentence if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

## VI. Elements of the Offense

**Count 1:** *Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1), § 924(a)(2) and 924(e))*

In order to sustain a conviction for being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e), as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

> **First:** the defendant knowingly possessed a firearm and/or ammunition;
>
> **Second:** the firearm and/or ammunition had been transported in interstate commerce; and
>
> **Third:** the defendant had previously been convicted of a crime for which he could have been punished for a term exceeding one year in jail.

## VII. Factual Basis for the Plea

The parties stipulate and agree to the truth of the following factual statement:

In July of 2005, officers from the Petersburg Police Department interviewed the defendant, CALVERT MARTIN, regarding a firearm found during the execution of a state search warrant in an unrelated investigation. Martin admitted he had lent the firearm approximately a month earlier to the subject of that investigation. Officers then obtained state and federal search warrants for Martin's residence. Upon arrival of the officers, Martin consented to the search of his residence. Inside Martin's residence, officers found four firearms, along with approximately 13 rounds of smokeless powder and over several thousand rounds of miscellaneous ammunition, casings, bullets and primers.

The four firearms, more particularly described in the Indictment, were possessed by Martin and were transported in interstate commerce. Martin has previously been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, Martin has been convicted of the following three crimes of violence pursuant to 18 U.S.C. § 924(e):

| Offense | Court | Date | Case |
|---|---|---|---|
| Sexual Abuse of a Minor | Superior Court, Ketchikan, Alaska | 3/9/83 | Case Number 1KE-S82-0331 CR |
| Sexual Abuse of a Minor | Superior Court, Ketchikan, Alaska | 3/9/83 | Case Number 1KE-S82-0331 CR |
| Burglary in the Second Degree | Superior Court, King County, Washington | 9/8/79 | Case Number 81899 |

## VIII. Adequacy of the Agreement

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that the sentence to be imposed under the terms of this plea agreement will serve adequately to protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX. Defendant's Agreement and Understanding of the Terms of this Plea Agreement

I, CALVERT MARTIN, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A. I wish to enter a plea of guilty to Count 1 of the Indictment, which charges me as follows:

  **Count 1:** Possession of a firearm after conviction of a felony offense in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).

I also wish to admit to the allegations set forth in Count 2 of the Indictment.

  B. I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

--   The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

--   The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

--   The right to contest the validity of any searches conducted on my property or person, or the validity of any seizures involving Forfeiture Assets;

C.   I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence-- which affected either my guilty plea or the sentence imposed by the court. I am

fully satisfied with the representation given me by my attorney, Ms. Sue Ellen Tatter. We have discussed all possible defenses to the charges in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement and I understand they are not binding on any party.

D. I further understand that if I plead guilty, there will not be a trial and that the court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

E. I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

F.  I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the court might impose are only estimates and do not bind the court. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case.

G.  I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

H.  This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

I.  I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to

enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I enter into this agreement knowingly and voluntarily.

I therefore wish to enter a plea of guilty to Count 1 of the Indictment, which charges me with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e), and admit to the allegations in Count 2 of the Indictment pursuant to FRCP 11(c)(1)(B).

DATED: 12/27/06

_____
CALVERT MARTIN,
Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant' competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 12/27/06

_____
SUE ELLEN TATTER
Attorney for CALVERT MARTIN

On behalf of the United States, the following accept CALVERT MARTIN's offer to plead guilty under the terms of this plea agreement.

DATED: 12/28/06

*[signature]*
DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

DATED: 12/27/06

*[signature]*
NELSON P. COHEN
United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: nelson.cohen@usdoj.gov