NELSON P. COHEN
United States Attorney

JOHN J. NOVAK
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907)271-5071
Fax: (907)271-1500
Email: john.novak@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 1:05-cr-00010-JWS |
| ) | |
| Plaintiff, ) | **UNITED STATES'** |
| ) | **SENTENCING** |
| vs. ) | **MEMORANDUM** |
| ) | |
| CALVERT FRANK MARTIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW, the United States of America, by and through Special Assistant United States Attorney John J. Novak, and pursuant to Local Criminal Rule 32.1 of the United States District Court for the District of Alaska and hereby files this memorandum to assist the court in fashioning a just and proper sentence.

For the reasons discussed below, the United States respectfully asks this court to impose a sentence within the guideline range, 92-115 months, and a supervised release term of 36 months on the conditions recommended by the author of the presentence report.

## I. The Offense

Defendant stands convicted, based upon his guilty pleas, of knowingly lying on March 10, 1997 in connection with his purchasing a .223 caliber rifle (Count 1) and possessing a 9mm semi-automatic pistol on October 21, 2005, knowing or having reasonable cause to believe that the firearm was stolen (Count 2). The charged offenses span nearly a decade, a time span during which defendant on many occasions falsely made statements in efforts to attempt and actually obtain multiple firearms despite his being a prohibited person. Defendant also possessed many handguns and long guns during the time period despite his status as a prohibited person. Of additional significance is the fact that law enforcement recovered marijuana paraphernalia, oxycotin pills, and a large amount of ammunition and components, as well as multiple handguns and long guns, upon searching defendant's residence on October 21, 2005.

## II. The Offender

Defendant has a lengthy and significant criminal history dating back to 1977. Defendant's original felony offense, the 1977 burglary in the second degree offense, was viewed by the State of Washington court as so serious as to require the imposition of two years imprisonment to actually serve.

Defendant's second felony conviction in 1981 was a result of his stealing heavy equipment and damaging the equipment in an amount exceeding $500.

Defendant's third felony conviction occurred in 1982 when he forcibly raped a 14-year-old child and sexually penetrated a second 12-year-old child. These sexual assaults were separtated by nearly a year and were in the context of defendant appearing to target and groom at least one other child.

Defendant's fourth felony offense occurred in 1986 when he was arrested while driving a "hotwired" motorcycle and in possession of two separate bindles of cocaine.

Defendant's fifth felony offense occurred in 1988 as a result of his being arrested on an outstanding warrant for his failing to comply with the conditions of probation in connection with his previous drug felony offense. At the

time of this arrest, law enforcement seized more than 18 grams of cocaine from defendant's clothing.

Defendant's sixth felony offense occurred in 2005 when he stole more than $500 worth of property from a friend of his who he was "helping" move.

Defendant has not undergone any sex offender treatment despite his having been convicted of forcibly sexually assaulting a 14-year-old girl and engaging in sexual penetration with a 14-year-old girl, both occurring while defendant was 23 years of age. It also appears defendant has a substance abuse problem based upon his having two prior felony convictions for possessing cocaine, a history of violating the conditions of probation in those cases, and possessing drug paraphernalia and oxycotin at the time his residence was searched in this case.

### III. Pre-sentence Report Issues

The United States does not have any issues with or believe corrections need to be made to the pre-sentence report. The pre-sentence report correctly notes that the United States asks this court to afford the defendant a 3-level adjustment for acceptance of responsibility.

## IV. 18 U.S.C.§ 3553(a) Sentencing Factors

In fashioning a sentence, this court is to consider deterrence of defendant, deterrence of others, reaffirmation of societal norms, protection of the public, rehabilitation of defendant, and provide just punishment for the offense. The United States submits that these goals best can be met by imposing the sentence within the guideline range as recommended by the author of the pre-sentence report and a supervised release term of 36 months on the recommended conditions. The United States is of this position in light of the serious nature of the conduct in which defendant engaged over a long period of time (nearly a decade) in repeatedly attempting to and actually obtaining many firearms, both handguns and long guns, despite his knowing full well that he was a prohibited person as well as defendant's extensive and very serious criminal history.

//

//

//

//

RESPECTFULLY SUBMITTED this 2nd day of April, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ John J. Novak
JOHN J. NOVAK
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907)271-5071
Fax: (907)-271-1500
Email: john.novak@usdoj.gov
Alaska Bar # 8511184

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2007,
a copy of the foregoing **UNITED STATES'
SENTENCING MEMO**, was served,
via Electronic Filing, on:

**Kevin McCoy,**
Federal Public Defender

s/ John J. Novak